Jennifer Lantz (SBN 202252)
jmlantz@duanemorris.com
**DUANE MORRIS LLP**
260 Homer Avenue, Suite 202
Palo Alto, CA 94301-2777
Tel.: 650-847-4150
Facsimile: 650-847-4151

Meghan C. Killian (SBN 310195)
mckillian@duanemorris.com
**DUANE MORRIS LLP**
One Market Plaza
Spear Tower, Suite 2200
San Francisco, CA 94105
Tel.: 415-957-3138
Facsimile: 415-840-0017

Attorneys for Plaintiff
Coastal Cocktails, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COASTAL COCKTAILS, INC. d/b/a MODERN GOURMET FOODS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MONACO EXCHANGE INC. d/b/a Best Jewelry, a Florida Corporation, and DOES 1-10<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];**<br><br>**TRADEMARK INFRINGEMENT [15 U.S.C. § 1125(a)];**<br><br>**STATE UNFAIR COMPETITION [CAL. BUS. & PROF. CODE § 17200];**<br><br>**COMMON LAW UNFAIR COMPETITION; AND**<br><br>**CONVERSION.**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff Coastal Cocktails, Inc., d/b/a Modern Gourmet Foods ("Coastal" or "Plaintiff"), by its undersigned attorneys, Duane Morris LLP, for its Complaint against Defendant Monaco Exchange Inc. d/b/a Best Jewelry ("Defendant"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This action seeks damages and injunctive relief for Defendant's infringement of Plaintiff's distinct THOUGHTFULLY and SMOKEHOUSE BY THOUGHTFULLY trademarks and unfair competition under Federal and California law, and related common law claims.

2. Since at least as early as 2016 and 2022 respectively, Plaintiff has used the THOUGHTFULLY and SMOKEHOUSE BY THOUGHTFULLY trademarks as a brand identifier for its high quality food gift products and spice mixes.

3. On information and belief, Defendant began selling illegally-obtained products bearing Plaintiff's THOUGHTFULLY and SMOKEHOUSE BY THOUGHTFULLY trademarks online in or around September 2023.

4. After repeated correspondence informing Defendant of Plaintiff's rights in the THOUGHTFULLY and SMOKEHOUSE BY THOUGHTFULLY trademarks and Defendant's unauthorized sale of Plaintiff's SMOKEHOUSE BY THOUGHTFULLY spice mixes, Defendant continued to offer and sell the illegally-obtained spice mixes online.

5. Defendant's unauthorized use of Plaintiff's THOUGHTFULLY and SMOKEHOUSE BY THOUGHTFULLY trademarks and unauthorized sale of Plaintiff's products has or will likely cause confusion as to the association, sponsorship, and/or approval of Defendant by Plaintiff, constituting trademark infringement in violation of the Lanham Act and California statutory and common law. Furthermore, based on information and belief, Defendant knew or should have

known that the SMOKEHOUSE BY THOUGHTFULLY spice mixes it is selling are stolen goods.

## THE PARTIES

6. Plaintiff Coastal Cocktails, Inc. d/b/a Modern Gourmet Foods is a California corporation with its principal place of business at 1920 E Deere Avenue, Santa Ana, CA 92705.

7. Upon information and belief, Defendant Monaco Exchange Inc. d/b/a Best Jewelry is a Florida corporation with its principal place of business at 17890 NW 29th CT Miami Gardens, Florida 33056.

8. Defendants Does 1-10 are sued here under fictitious names because their true names and capacities are unknown to Plaintiff at this time. Upon information and belief, the Does are or have been affiliated with Defendant in connection with the matters alleged in this Complaint, acting in concert and active participation with Defendant in committing the wrongful acts alleged herein.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this controversy under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. This Court further has jurisdiction over all of the claims asserted in this matter pursuant to 28 U.S.C. §1332, as there is complete diversity of citizenship of the parties and the amount in question exceeds $75,000.00.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because these claims are so related to the federal claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. This Court has personal jurisdiction over Defendant because Defendant transacts extensive business in the State of California, including selling the accused

products to consumers in California and this district through third-party seller Amazon.

12. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b), because Defendant is subject to personal jurisdiction in this district due to its voluntary transacting business herein, including offering and selling products in and to this district, and because a substantial portion of the events at issue have arisen and will arise in this judicial district.

## FACTUAL BACKGROUND

### A. Plaintiff and Plaintiff's Trademarks

13. For over 25 years, Plaintiff has been a global leader in premium gourmet foods and food gifts. Plaintiff has used the THOUGHTFULLY trademark since at least as early as 2016 to market its products. On or about May of 2022, Plaintiff started offering its spice mixes under the **SMOKEHOUSE BY THOUGHTFULLY** trademark, as shown below.




14. Plaintiff sells its spice mixes online throughout the United States, including through online retailers such as Walmart and Macy's. One of Plaintiff's primary sales channels is through its storefront on Amazon.com. Plaintiff sells its products direct to consumers.

15. Plaintiff is the owner of the entire right, title, and interest in and to United States applications for its **THOUGHTFULLY** and **SMOKEHOUSE BY THOUGHTFULLY** trademarks, including those shown below:

| Trademark | Reg. No./ App No. | Filing Date | Registration/ NOA Date | Goods |
|---|---|---|---|---|
| THOUGHTFULLY | 5251901 | Feb. 11, 2016 | Jul. 25, 2017 | I.C. 30: Gift sets comprising food and beverage components in the nature of barbecue sauces |
| THOUGHTFULLY | 97/975,319 | October 12, 2021 | November 21, 2023 | I.C. 30: barbecue rubs; spice mixtures; spices |
| SMOKEHOUSE BY THOUGHTFULLY | 97/071,221 | October 12, 2021 | Sept. 5, 2023 | I.C. 30: barbecue rubs; spice mixtures; spices |

Each of the above applications have been issued a Notice of Allowance. Attached as **Exhibit A** hereto and incorporated herein by reference are copies of the Registration Certificates and Notices of Allowance for the foregoing trademarks.

16. Plaintiff's registration listed in Paragraph 15 is valid and subsisting, in full force and effect, and constitutes *prima facie* evidence of the validity of the registered trademark and Plaintiff's exclusive right to use the trademark in commerce in connection with the goods specified in the registration. Notably, U.S. Registration No. 5,251,901 is also incontestable pursuant to 15 U.S.C. § 1065, and accordingly constitutes conclusive evidence of the validity of the registered trademark and the registration therefor, of Plaintiff's ownership of the registered trademark, and of Plaintiff's exclusive right to use the trademark in connection with the goods covered by the registration.

17. Plaintiff extensively markets its SMOKEHOUSE BY THOUGHTFULLY brand online through social media channels including Facebook, Instagram, and TikTok.

**B.  Defendant's Online Sales**

18. Based on information and belief, Defendant has offered for sale a variety of discounted products, via Amazon.com, including spice mixes bearing the SMOKEHOUSE BY THOUGHTFULLY trademark.

19. In September of 2023, Plaintiff became aware that Defendant was selling these SMOKEHOUSE BY THOUGHTFULLY spice mixes under the Amazon.com seller name "Best Jewelry."

20. As shown below, Defendant's listing on Amazon.com is identical to Plaintiff's, including use of the same images, listing title, and product description. The only indication that this is not Plaintiff's authorized listing is the small "sold by" information on the right side, as highlighted.

**Plaintiff's Listing** (Located at https://www.amazon.com/Thoughtfully-Smokehouse-Ultimate-Grilling-Seasoning/dp/B083C4TBT5)



**Defendant's Listing** (Located at https://www.amazon.com/Thoughtfully-Smokehouse-Ultimate-Grilling-Seasoning/dp/B083C4TBT5/ref=sr_1_197?m=A200WP69O76ZW3&marketplaceID=ATVPDKIKX0DER&qid=1701845144&s=merchant-items&sr=1-197)



DM2\18927727.2

21. The SMOKEHOUSE BY THOUGHTFULLY spice mixes sold by "Best Jewelry" are discounted substantially from the market price for these products.

22. On September 16, 2023, Plaintiff arranged for purchase of nine samples of the SMOKEHOUSE BY THOUGHTFULLY spice mixes sold by "Best Jewelry" on Amazon.com.

23. On October 9, 2023, Plaintiff arranged for purchase of forty samples of the SMOKEHOUSE BY THOUGHTFULLY spice mixes sold by "Best Jewelry" on Amazon.com.

24. Plaintiff analyzed the SMOKEHOUSE BY THOUGHTFULLY spice mixes from "Best Jewelry" and confirmed that the product was, in fact, their product, but identified that the expiration date on the purchased product indicated that this was product produced for sale in 2022. Plaintiff also confirmed that the Lot Code for the units purchased corresponds to product produced on June 21, 2022.

25. Based on information and belief, Defendant has a substantial amount of inventory of the infringing product in its possession. However, Plaintiff only sells its product direct to consumers in amounts suitable for individual consumption or gift giving.  Based on the amount of inventory Defendant possesses, the expiration dates, and the low price-point, Plaintiff determined that Defendant's inventory has never been legitimately sold or distributed and that the products sold by "Best Jewelry" are stolen goods.

26. On October 10, 2023, Willem Driessen, Chief Marketing Officer and General Manager Direct to Consumer, had a telephone conversation with Israel Aminov of Defendant to discuss the unauthorized sale of the SMOKEHOUSE BY THOUGHTFULLY spice mixes.

27. That same day, Mr. Driessen sent an email to Mr. Aminov offering to purchase Defendant's inventory of the unauthorized SMOKEHOUSE BY

THOUGHTFULLY spice mixes and requesting information about the source of Defendant's inventory. A copy of the letter is attached hereto as **Exhibit B**.

28. During the conversation with Mr. Driessen, Mr. Aminov refused to identify the source of the goods being sold by Defendants.

29. On November 27, 2023, Plaintiff, through counsel, sent a letter via Certified Mail to Mr. Israel Aminov and Mr. Yoram J. Teshuba of Monaco Exchange Inc. at the 17890 NW 29th CT, Miami Gardens, Florida address, notifying them that the SMOKEHOUSE BY THOUGHTFULLY spice mixes it was advertising and distributing through Amazon.com were unauthorized, and demanding that they remove the products from Amazon.com. A copy of the letter is attached hereto as **Exhibit C**.

30. To date, Defendant has failed to respond to Plaintiff's correspondence, and has thus far refused to cooperate with Plaintiff's requests for action and information.

31. Upon information and belief, Defendant obtained these stolen goods through one or more presently unknown third parties with an intent to resell such products without the consent of, and without paying value to, Plaintiff.

32. Upon information and belief, Defendant knew, or should have known that the SMOKEHOUSE BY THOUGHTFULLY spice mixes it was selling were stolen goods.

33. Upon information and belief, Defendant's improper acquisition of stolen SMOKEHOUSE BY THOUGHTFULLY spice mixes enables Defendant to sell the product for less money than Plaintiff, providing an unfair competitive advantage to Defendant, and diverting sales from Plaintiff.

34. Plaintiff is unable to certify the quality of the products being sold by Defendant, as Plaintiff does not know the conditions under which the products have been stored.

35. Because Defendant's Amazon.com listing looks identical to Plaintiff's listing, it appears to consumers that the stolen products are sold by Plaintiff or with Plaintiff's authorization.

36. Due to the low customer ratings that Best Jewelry has on Amazon.com, it is likely that customers purchasing the stolen product will receive poor service, and will attribute the poor service quality to Plaintiff, damaging Plaintiff's reputation.

37. Plaintiff has been forced to lower the prices of its products on its Amazon.com listing in order to compete with Defendant's drastically discounted prices, to Plaintiff's detriment. Defendant is currently listing the unauthorized SMOKEHOUSE BY THOUGHTFULLY spice mixes on Amazon.com for $35.47 per unit. Plaintiff's market price for the SMOKEHOUSE BY THOUGHTFULLY spice mixes is normally $49.99 per unit. As a result, Plaintiff is losing appreciable income due to the unauthorized listing and sales.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement, 15 U.S.C. § 1114)

38. Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

39. Plaintiff owns a valid and protectable federal trademark registration for the THOUGHTFULLY trademark, as shown at Exhibit A hereto. The THOUGHTFULLY trademark is used in commerce, have been used continuously in commerce for over seven (7) years, and is distinctive by virtue of its inherent and acquired distinctiveness, extensive use, and publicity throughout the United States.

40. As described in detail in the paragraphs set forth above, Defendant is advertising, promoting, and selling unauthorized SMOKEHOUSE BY THOUGHTFULLY spice mixes.

41. Defendant's use of the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks under and/or in connection with the unauthorized

goods, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's products. Such use constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

42. Defendant's actions are without the authorization or permission of Plaintiff. Upon information and belief, Defendant chose to provide, sell, advertise, and promote the spice mixes in connection with the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks with actual knowledge of Plaintiff's prior use of and rights in the trademarks. Upon information and belief, Defendant chose to provide, sell, advertise, and promote the spice mixes under and/or in connection with the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks in commerce with the intent to cause confusion, to cause mistake, or to deceive.

43. Upon information and belief, Defendant has profited from this infringement.

44. This is an exceptional case under 15 U.S.C. § 1117(a).

45. Defendant's willful conduct has caused damage to Plaintiff in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

46. In light of the foregoing, Plaintiff is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that Plaintiff has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action. Plaintiff is also entitled to an accounting of Defendant's profits resulting from its Lanham Act violations.

## SECOND CAUSE OF ACTION

### (Federal Trademark Infringement, 15 U.S.C. § 1125(a))

47. Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

48. Plaintiff is the owner of the valid SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks, which are entitled to full recognition and protection under federal trademark law.

49. The SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks are used in commerce, have been used continuously in commerce since at least as early as May of 2022 and 2016 respectively, and are distinctive by virtue of their inherent and acquired distinctiveness and extensive use throughout the United States.

50. As described in detail in the paragraphs set forth above, Defendant is advertising, promoting, and selling unauthorized spice mixes under and/or in connection with the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks in the United States through its Amazon.com listing.

51. Defendant's use of the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks under and/or in connection with the unauthorized goods, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's products. Such use constitutes trademark infringement in violation of 15 U.S.C. § 1125(a).

52. Defendant's actions are without the authorization or permission of Plaintiff. Upon information and belief, Defendant chose to provide, sell, advertise, and promote the spice mixes in connection with the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks with actual knowledge of Plaintiff's prior use of and rights in the trademarks. Upon information and belief,

Defendant chose to provide, sell, advertise, and promote the spice mixes under and/or in connection with the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks in commerce with the intent to cause confusion, to cause mistake, or to deceive.

53. Upon information and belief, Defendant has profited from this infringement.

54. This is an exceptional case under 15 U.S.C. § 1117(a).

55. Defendant's willful conduct has caused damage to Plaintiff in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

56. In light of the foregoing, Plaintiff is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that Plaintiff has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action. Plaintiff is also entitled to an accounting of Defendant's profits resulting from its Lanham Act violations.

## THIRD CAUSE OF ACTION

**(State Unfair Competition, Cal. Bus. & Prof. Code § 17200)**

57. Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

58. Defendant is advertising, promoting, and selling unauthorized spice mixes under and/or in connection with the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks in the United States through its Amazon.com listing.

59. Defendant's conduct complained of herein is likely to confuse the public as to the origin, source or sponsorship of Defendant's unauthorized spice mixes, or to cause mistake or to deceive the public into believing that Defendant and its products are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff, in

violation of Plaintiff's rights in the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks under Cal. Bus. & Prof. Code § 17200.

60. Upon information and belief, Defendant chose to provide, sell, advertise and promote the unauthorized spice mixes under and/or in connection with the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks with constructive and/or actual knowledge of Plaintiff's rights in the trademarks. The unlawful, unfair, and/or fraudulent business acts and/or practices set forth herein have been undertaken by Defendant willfully with the intention of causing harm to Plaintiff and for the calculated purpose of misappropriating Plaintiff's goodwill and business reputation in order to unlawfully divert sales from Plaintiff. By adopting and using the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY marks, Defendant has been unjustly enriched and Plaintiff has been damaged.

61. By misappropriating and trading upon the goodwill and business reputation represented by the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks, Defendant has been and, unless enjoined by this Court, will continue to be unjustly enriched at Plaintiff's expense.

62. As a direct and proximate result of Defendant's wrongful conduct, Defendant has profited, and will continue to profit, from the strength of the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks.

63. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been injured in fact and has lost money and profits, and such harm will continue unless Defendant's acts are enjoined by the Court.

64. Defendant's sale, advertisement and promotion of Defendant's spice mixes under and/or in connection with the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks, constitutes unfair competition under Cal. Bus. & Prof. Code § 17200.

65. Defendant's conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

66. In light of the foregoing, Plaintiff is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 et seq. restraining Defendant from engaging in further such unlawful conduct, as well as restitution of those amounts unlawfully obtained by Defendant through its wrongful conduct.

## FOURTH CAUSE OF ACTION

### (Common Law Unfair Competition)

67. Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

68. Defendant's conduct complained of herein is likely to confuse the public as to the origin, source or sponsorship of Defendant's unauthorized spice mixes, or to cause mistake or to deceive the public into believing that Defendant and its products are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff, in violation of Plaintiff's rights in the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks under California common law.

69. Upon information and belief, Defendant chose to provide, sell, advertise and promote the unauthorized spice mixes under and/or in connection with the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks with constructive and/or actual knowledge of Plaintiff's rights in the trademarks. The unlawful, unfair, and/or fraudulent business acts and/or practices set forth herein have been undertaken by Defendant willfully with the intention of causing harm to Plaintiff and for the calculated purpose of misappropriating Plaintiff's goodwill and business reputation in order to unlawfully divert sales from Plaintiff. By adopting and using the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks, Defendant has been unjustly enriched and Plaintiff has been damaged.

70. By misappropriating and trading upon the goodwill and business reputation represented by the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks, Defendant has been and, unless enjoined by this Court, will continue to be unjustly enriched at Plaintiff's expense.

71. Defendant's sale, advertisement and promotion of the unauthorized spice mixes under and/or in connection with the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks, constitutes unfair competition under California common law.

72. Defendant's conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

73. In light of the foregoing, Plaintiff is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that Plaintiff has sustained and will sustain as a result thereof, in an amount not yet known, as well as the costs of this action.

## FIFTH CAUSE OF ACTION
### (Conversion)

74. Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

75. Defendant wrongfully converted, for its own use, a currently unknown quantity of SMOKEHOUSE BY THOUGHTFULLY spice mixes, the amount and value of which is to be proven at trial.

76. Plaintiff owns all SMOKEHOUSE BY THOUGHTFULLY spice mixes in its distribution channel prior to an authorized sale to a consumer.

77. Upon information and belief, SMOKEHOUSE BY THOUGHTFULLY spice mixes were stolen from Plaintiff by an unknown third party.

78. Upon information and belief, Defendant knew, or should have known that the SMOKEHOUSE BY THOUGHTFULLY spice mixes it was selling were stolen goods.

79. Defendant sold such unauthorized SMOKEHOUSE BY THOUGHTFULLY spice mixes through the website Amaozon.com, using the seller name "Best Jewelry".

80. Defendant made such sales without Plaintiff's knowledge or consent.

81. Plaintiff has not received any benefit, monetary or otherwise, from the sale of these stolen goods.

82. As a direct and proximate result of Defendant's wrongful conversion, Plaintiff has been damaged in an amount believed to be in excess of $75,000.00, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment as follows:

1. For an order and judgment that Defendant infringed Plaintiff's the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks in violation of Plaintiff's rights under and 15 U.S.C. § 1114 15 U.S.C. § 1125(a), common law, and/or California law.

2. For an order and judgment that Defendant has acted in bad faith, willfully, intentionally, and/or with reckless disregard to Plaintiff's rights;

3. For an order permanently enjoining and restraining Defendant, its officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, subsidiaries and assigns, and all those persons in concert or participation with any of them from continued infringement of the SMOKEHOUSE BY THOUGHTFULLY and THOUGHTFULLY trademarks.

4. For an order directing Defendant to deliver up to Plaintiff's attorneys an accounting of all profits earned on the unauthorized spice mixes;

5.  For an order directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product or services advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendant is in any manner authorized by Plaintiff or related in any way to Plaintiff;

6.  For an order directing Defendant to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above;

7.  For an order awarding Plaintiff such damages it has sustained or will sustain by reason of Defendant's acts of trademark infringement and unfair competition pursuant to 15 U.S.C. § 1117;

8.  For an order awarding Plaintiff all gains, profits, property and advantages derived by Defendant from Defendant's unlawful conduct and that such profits be enhanced pursuant to 17 U.S.C. § 1117;

9.  For an order awarding Plaintiff exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate;

10. For an order awarding Plaintiff its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

11. For an order awarding Plaintiff restitution for Defendant's unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

12. For an order awarding Plaintiff interest, including pre- and post-judgment interest, on the foregoing sums; and

13. For an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action on all issues so triable.

Dated: December 7, 2023     **DUANE MORRIS LLP**

By: /Jennifer M. Lantz/
Jennifer M. Lantz

Attorney for Plaintiff
Coastal Cocktails, Inc.